IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ISSAM A. ASKARI and KELLY ASKARI, his
wife, and KELLY ASKARI individually and in
her own right,

        Plaintiffs,

    v.

U. S. AIRWAYS, INC. a Corporation.,

        Defendant.

09cv0753
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

Before the Court is defendant U.S. Airways, Inc.'s Motion to Dismiss or in the Alternative for Summary Judgment (Doc. No. 9). Defendant's motion for summary judgment requests this Court to (1) dismiss the Complaint, or in the alternative grant summary judgment, on all claims asserted in the Complaint, because Plaintiff Issam Askari released all claims against U.S. Airways arising out of his employment and the termination of his employment; (2) dismiss Plaintiff Issam Askari's claim that U.S. Airways violated the 1st, 2nd, 5th and 14th Amendments to the United States Constitution; (3) dismiss Plaintiff Issam Askari's claim that U.S. Airways violated the Pennsylvania Whistleblower Law; (4) dismiss Plaintiff Kelly Askari's derivative claim for loss of consortium; and (5) dismiss Plaintiff Kelly Askari's independent claim for discrimination. After careful consideration of said motion, Plaintiffs Issam A. and Kelly Askari's response, the briefs and supporting materials in support and in opposition, and oral argument on July 27, 2009, the Court agrees that Plaintiff Issam Askari knowingly and intelligently waived and released any and all claims he may have had against U.S. Air in exchange for six months

wage equivalent severance, and will grant defendant's motion for summary judgment.[1]

**Summary Judgment Standards.**

Fed.R.Civ.P. 56(c) now provides that on a motion for summary judgment, the "judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "Rule 56 of the Federal Rules of Civil Procedure 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Summary judgment is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Woodside v. Sch. Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), quoting *Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001) (citations omitted).

An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); see also *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could

---

[1] Because the Court considers contract documents and affidavits, and because plaintiffs had notice and have responded to a motion for summary judgment, as opposed to a motion to dismiss, Plaintiffs' Response to Defendant's Motion for Summary Judgment and Brief in Opposition (Doc. No. 16), ¶ 1, the Court treats the motion in its alternative, as one for summary judgment.  See Fed.R.Civ.P. 12(d).

rationally find in favor of the non-moving party in light of his burden of proof."), citing *Anderson* and *Celotex Corp.* The United States Supreme Court has "emphasized, [w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372 (2007) (internal quotations omitted), quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

In deciding a summary judgment motion, a court must view the facts in the light most favorable to, draw all reasonable inferences, and resolve all doubts, in favor of the nonmoving party. *Doe v. County of Centre, PA*, 242 F.3d 437, 446 (3d Cir. 2001); *Woodside*, 248 F.3d at 130; *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 151 (3d Cir. 1999). Further, the court must not engage in credibility determinations at the summary judgment stage. *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998), quoting *Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994).

**Discussion.**

**Plaintiff Issam Askari claims have been waived**.

Plaintiffs do not dispute the factual averments set forth in defendant's affidavits and concise statement of material facts (Doc. No. 10). Issam Askari worked for U.S Airways until August 2008 (Compl. ¶ 4) when it implemented a reduction-in-force. (Compl. ¶ 24; Declaration of Toya Allen ("Allen Decl."), Appendix Exhibit 1, ¶ 6). Pursuant to that reduction-in-force, he was selected for layoff and was offered a separation package in exchange for a general release and waiver of claims. (Allen Decl. ¶ 8). Plaintiffs allege that the termination was not due to the

reduction-in-force, but rather, was motivated by long standing racial, ethnic and religious bias and discrimination.

Mr. Askari accepted the separation package and executed the Separation and General Release Agreement ("Release") on August 27, 2008. (Allen Decl. ¶ 9, Ex. A).  Pursuant to that Release, in exchange for his release of all claims that he had, has, or may ever have against US Airways arising out of his employment or the termination of his employment, including but not limited to claims for harassment, discrimination and wrongful discharge, Mr. Askari was provided with six (6) months of severance pay by US Airways. (Allen Decl. ¶ 10).

In most pertinent part, the Release states as follows:

> 7.1 <u>Release of Company and Covenant not to Sue</u>. Employee, on behalf of Employee, Employee's spouse, . . . [etc.], hereby covenants not to sue and fully releases and discharges the Company, and its parent companies, . . . [etc.] (hereinafter together and collectively referred to as "Company Releasees") with respect to and from any and all claims, wages, demands, rights, . . ., suits, causes of action, . . ., costs, expenses, attorneys' fees, damages, judgments, orders and liabilities except as provided in Paragraph 7.2 below of whatever kind or nature in law, equity or otherwise (a "Claim"), whether now known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which Employee now owns or holds, or has at any time heretofore owned or held, or any of them including, without limitation, any Claim arising from, in any way connected with, or relating to Employee's employment with the Company; Employee's separation from such employment; and any other transactions, occurrences, acts or omissions, or any loss, damage or injury whatever, whether known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of said Company Releasees, or any of them, committed or omitted prior to the date of execution of this Agreement, except with regard to a challenge to the validity of the waiver of ADEA and OWBPA claims pursuant to Paragraph 7.3 below. Notwithstanding the foregoing, Employee shall not release or waive any workers' compensation claims, any rights under the Company's 401(k) plans or any claims under the Company's group medical, dental or vision plans, any of which exist as of the Separation Date, or any rights Employee has under the Consolidated Omnibus Budget Reconciliation Act (COBRA).

> 7.2 <u>No Discrimination</u>. Without limiting the generality of the release of claims in Paragraph 7.1 of this Agreement, Employee understands and agrees that Employee is hereby *releasing any and all rights to file suit based on any alleged employment discrimination or other unlawful activity under federal, state and local laws, as well as any and all claims under federal, state or local law for any and all employment benefits to which Employee allegedly may be entitled*. This release of claims shall *include, but not be limited to, suits under Title VII of the Civil Rights Act of 1964*, as amended; any state civil rights act, the Arizona Employment Protection Act, the Americans with Disabilities Act, the Employee Retirement and Income Security Act, the Family and Medical Leave Act and any state constitution. This Agreement does not prevent Employee from filing a claim or charge with a federal, state or local governmental agency charged with enforcing anti-discrimination laws or from participating in any such claim or charge already filed; *however, this Agreement is in full satisfaction of, and a total and complete bar to, any remedy that any federal, state or local governmental agency, or any person, may seek to impose* (including any remedy sought to be imposed on Employee's behalf) against the Company, or any other Company Releasee, *in any proceeding based on any alleged discrimination or other alleged unlawful conduct*.

Concise Statement of Material Facts (Doc. No. 10), at ¶¶ 6-7 (emphasis added).

Employees may waive employment claims against their employers so long as the waiver is made "knowingly and willfully." *Coventry v. United States Steel Corp.*, 856 F.2d 514, 522 (3d Cir. 1988) (quotation omitted); see *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 n. 15, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) (employee may waive Title VII claims if the waiver is "voluntary and knowing"). To determine whether such a purported release is valid, the courts must apply a totality of the circumstances test, *Coventry*, 856 F.2d at 522-23, including the following factors:

> (1) the clarity and specificity of the release language; (2) the plaintiff's education and business experience; (3) the amount of time plaintiff had for deliberation about the release before signing it; (4) whether plaintiff knew or should have known his rights upon execution of the release; (5) whether plaintiff was encouraged to seek, or in fact received the benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the Agreement; and (7) whether the consideration given in exchange for the waiver and accepted by the employee

exceeds the benefits to which the employee was already entitled by contract or law.

*Cirillo v. Arco Chem. Co.*, 862 F.2d 448, 451 (3d Cir. 1988). We may also consider "whether there is evidence of fraud or undue influence, or whether enforcement of the agreement would be against the public interest." *W.B. v. Matula*, 67 F.3d 484, 497 (3d Cir. 1995) (citing *Coventry*, 856 F.2d at 522-23).

The Court finds the language of the Release to be clear and unambiguous. Contrary to plaintiffs' argument, the Release is not rendered ambiguous or confusing by inclusion of the language that it "does not prevent Employee from filing a claim or charge with a federal, state or local governmental agency charged with enforcing anti-discrimination laws or from participating in any such claim or charge already filed . . . ." The Release plainly and explicitly distinguishes between filing and participating in EEOC and state agency proceedings (permitted) from pursuing civil remedies through lawsuits (prohibited).

Moreover, as expressly set forth elsewhere in the Release, Mr. Askari was offered an opportunity to review the Release, an opportunity to consult with an attorney, forty-five (45) days to accept the Release, and seven (7) days to revoke his acceptance if he desired to do so, but did not do so. (Allen Decl. ¶¶ 9, 11, Ex. A). Although plaintiff suggests that he signed under duress or undue influence, he offers no facts in support of this claim other than the "inherent" duress in being faced with termination. No doubt that situation is inherently stressful, but it is not the sort of duress or undue influence that would invalidate an otherwise valid separation agreement. See *Carrier v. William Penn Broad. Co.*, 426 Pa. 427, 233 A.2d 519, 521 (1967) (Under Pennsylvania law, absent a threat of actual bodily harm, there can be no claim of duress "where

the contracting party is free to consult with counsel.").

Because the waiver and Release is clear and explicit, voluntary and knowing, the Court finds that all of Plaintiff Issam Askari's claims must be dismissed, and summary judgment will be granted in Defendant's behalf.

**Plaintiff Kelly Askari's claims.**

As Plaintiffs conceded at oral argument, Plaintiff Kelly Askari's claim for loss of consortium is derivative of her husband's claims, and if his are dismissed, this claim must also be dismissed.  Moreover,  there is no authority to permit spousal recovery for loss of consortium based on violations of the other spouse's civil rights or other claims not sounding in tort.  *Danas v. Chapman Ford Sales, Inc.*, 120 F. Supp. 2d 478, 489 (E.D. Pa. 2000) (citing *Murray v. Commercial Union Ins. Co.*, 782 F.2d 432, 437-38 (3d Cir. 1986)); *Quitmeyer v. SEPTA*, 740 F.Supp. 363, 370 (E.D. Pa. 1990);  *Melencheck v. HCR Manor Care*, Civil Action No. 08-966, at 4-5 (W.D. Pa. March 10, 2009) (denying plaintiff's motion to amend complaint as futile because spouse's loss of consortium claim arising from alleged violations of plaintiff's civil rights failed as a matter of law).

Ms. Askari has made a discrimination claim in her own right which she purports to be independent of her husband's claims.  However, the adverse employment action of which she complains and for which she seeks remedy is the termination of her husband's employment.

Compl. ¶ 36.  Because this claim also is derivative of Mr. Askari's dismissed claims, Ms. Askari's discrimination claim must also be dismissed with prejudice.[2]

                  **SO ORDERED** this 14th day of August, 2009.

                  s/ Arthur J. Schwab
                  Arthur J. Schwab
                  United States District Judge

cc: all ECF registered counsel

---

[2] The Court also agrees with defendant that Kelly Askari's discrimination claim fails to meet the prerequisites for permissive joinder of plaintiffs under Rule 20 of the Federal Rules of Civil Procedure.  Dismissal under Rule 20 would be without prejudice.